UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEROY FIELDS  (#115883)

VERSUS                                                          CIVIL ACTION

SHIRLEY COODY, ET AL                                  NUMBER 08-175-JJB-DLD

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, _October 2_, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEROY FIELDS (#115883)

VERSUS                                                    CIVIL ACTION

SHIRLEY COODY, ET AL                          NUMBER 08-175-JJB-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 14. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Assistant Warden Shirley Coody, Maj. Jimmy Smith, classification officer K. Juneu, Capt. Chad, Lt. Donald Lamana and Sgt. Turner. Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of his constitutional rights.

Defendants[2] moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b), Fed.R. Civ. P.

### A.    Failure to State a Claim

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that

---

[1] Record document number 16.

[2] K. Juneu, Capt. Chad and Sgt. Turner were not served with the summons and complaint and did not participate in the defendants' motion to dismiss.

> the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[3]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the

---

[3] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson*.

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

### 1. Official Capacity

Defendants moved, on the basis of Eleventh Amendment immunity, to dismiss the plaintiff's claims against them insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's 'policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." An officer sued in his personal capacity comes to court as an individual. However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at

3

71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights. However, the plaintiff did not seek prospective injunctive relief therefore any claim against the defendants in their official capacities is not actionable under § 1983.

### 2. Respondeat Superior

Plaintiff alleged that in 2006 he and inmate Bobby Lewis were involved in an aggravated fight and were subsequently documented as known enemies by prison officials. Plaintiff alleged that on January 27, 2007, Lewis was assigned as a tier walker on the tier where the plaintiff resides. Plaintiff alleged that he notified Sgt. Turner that a known enemy was assigned as a tier walker on his tier and asked that Lewis be removed from the tier. Plaintiff alleged that Sgt. Turner refused to remove Lewis from the tier or notify Capt. Chad and Lt. Lamana about the plaintiff's complaint. Plaintiff alleged that after Sgt. Turner refused to remove Lewis from his assignment as a tier walker on the plaintiff's tier, Lewis approached his cell and asked him if he was willing to reconcile their differences. Plaintiff alleged that he agreed and then placed his hand through his cell bars to shake Lewis' hand. Plaintiff alleged that when he extended his hand through the cell bars Lewis cut him with a razor blade. Plaintiff alleged that Sgt. Turner notified Capt. Chad and Lt. Lamana of the incident and had the plaintiff taken to the prison infirmary for medical treatment.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate

faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* Defendants argued that the plaintiff failed to allege any facts against them which rise to the level of a constitutional violation. Plaintiff opposed the motion arguing that the defendants knew that he and Lewis were known enemies but assigned Lewis to his housing unit in spite of the serious risk to the plaintiff's safety such an assignment posed.

Under the liberal rules governing pro se filings, the plaintiff's opposition to the defendants' motion to dismiss shall be treated as an amendment to the complaint. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979).

Plaintiff's allegations, as amended, are sufficient to state a claim upon which relief can be granted.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be granted in part, dismissing the plaintiff's claim against the defendants in their official capacities. In all other respects the defendants' motion to dismiss be denied and this action be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, *October 2*, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

5