UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEROY FIELDS  (#115883)

VERSUS                                                            CIVIL ACTION

SHIRLEY COODY, ET AL                                NUMBER 08-175-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, _October 20_, 2009.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEROY FIELDS  (#115883)

VERSUS

CIVIL ACTION

SHIRLEY COODY, ET AL

NUMBER 08-175-JJB-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the parties' cross motions for summary judgment. Record document numbers 26 and 27. The defendants' motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Assistant Warden Shirley Coody, Maj. Jimmy Smith, classification officer K. Juneu, Capt. Chad, Lt. Donald Lamana and Sgt. Turner. Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of his constitutional rights.[2]

Plaintiff moved for summary judgment relying on his affidavit and a copy of his enemy list.

Defendants Shirley Coody, Jimmy Smith and Donald Lamana[3] moved for summary judgment relying on a statement of undisputed facts, the affidavits of Lt. Damon L. Turner, Maj. Chad Oubre and Capt. Donald Lamana, copies of the plaintiff's medical records and the results of the Administrative Remedy Procedure ("ARP").

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil

---

[1] Record document number 29.

[2] Plaintiff's claims against the defendants in their official capacities were previously dismissed. Record document number 20.

[3] K. Juneu, Capt. Chad and Sgt. Turner were not served with the summons and complaint and did not participate in the defendants' motion for summary judgment.

Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Plaintiff alleged that in 2006 he and inmate Bobby Lewis were involved in an aggravated fight and were subsequently documented as known enemies by prison officials. Plaintiff alleged that on January 27, 2007, Lewis was assigned as a tier walker on the tier where the plaintiff resides. Plaintiff alleged that he notified Sgt. Turner that a known enemy was assigned as a tier walker on his tier and asked that Lewis be removed from the tier. Plaintiff alleged that Sgt. Turner refused to remove Lewis from the tier or notify Capt. Chad and Lt. Lamana about the plaintiff's complaint. Plaintiff alleged that after Sgt. Turner refused to remove Lewis from his assignment as a tier walker on the plaintiff's tier, Lewis approached his cell and asked him if he was willing to reconcile their differences. Plaintiff alleged that he agreed and then placed his hand through his cell bars to shake Lewis' hand. Plaintiff alleged that when he extended his hand through the cell bars Lewis cut him with a razor blade. Plaintiff alleged that Sgt. Turner notified Capt. Chad and Lt. Lamana of the incident and had the plaintiff taken to the prison infirmary for medical treatment. Plaintiff alleged that the defendants knew that he and Lewis were known enemies but assigned Lewis to his housing unit in spite of the serious risk to the plaintiff's safety such an assignment posed.[4]

Defendants offered a different version of the incident. Defendants argued that the plaintiff manufactured the incident in order to have Lewis removed from his assignment as an orderly on the plaintiff's tier. Defendants argued that Lewis would not provide the plaintiff with contraband and the plaintiff staged the incident in order to get Lewis removed from the unit. Defendants argued that the plaintiff inflicted the injury on himself and that the injury was superficial. Defendants do not

---

[4] Plaintiff's opposition to the defendants' motion to dismiss, record document number 16, was treated as an amendment to the complaint.

dispute that Lewis was a documented enemy of the plaintiff who was assigned to the plaintiff's unit but deny that the plaintiff placed any of them on notice that a known enemy was assigned to his unit.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.*

There are material issues in dispute which render summary judgment inappropriate.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the parties' cross motions for summary judgment be denied. It is further recommended that the plaintiff's claims against K. Juneu, Capt. Chad and Sgt. Turner be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

Baton Rouge, Louisiana, _October 20_, 2009.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE